**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Roberto ORTUNO–SANTANA, also
known as Roberto Ortuno, also known
as Aristeo Reyna Villafuerte, also
known as Aristeo Duque Villafuerte,
also known as Aristeo Villafuerte–Du-
que, Defendant–Appellant.**

No. 08–20654
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 7, 2010.

James Lee Turner, Assistant U.S., At-
torney, U.S. Attorney's Office Southern
District of Texas, Houston, TX, for Plain-
tiff–Appellee.

Marjorie A. Meyers, Federal, Public De-
fender Federal Public Defender's Office
Southern District of Texas, Houston, TX,
for Defendant–Appellant.

Before BENAVIDES, PRADO and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Roberto Ortuno–Santana appeals the
37–month sentence imposed following his
guilty plea conviction for illegal reentry
following deportation after having been
convicted of an aggravated felony. *See* 8
U.S.C. § 1326(a), (b)(2). He argues that
the district court plainly erred in enhanc-
ing his base offense level by 12 levels
under U.S.S.G. § 2L1.2(b)(1)(B) based on
his 1996 Louisiana conviction for posses-
sion of marijuana with intent to distribute.
He contends that the prior sentence of five
years of probation did not qualify as a
"sentence imposed [of] 13 months or less"
for purposes of the 12–level enhancement.

As Ortuno–Santana concedes, because
this issue is raised for the first time on
appeal, review is for plain error. *See
United States v. Rodriguez–Parra*, 581
F.3d 227, 229 (5th Cir.2009), *pet. for cert.
filed* (Dec. 29, 2009) (No. 09–8336). To

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* — U.S. —, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court erred in increasing Ortuno–Santana's base offense level by 12 levels as a result of the prior conviction for which he received a sentence of five years of probation. *See Rodriguez–Parra,* 581 F.3d at 229–30. The error was clear or obvious in light of *Rodriguez–Parra. See id.; see United States v. Gonzalez–Terrazas,* 529 F.3d 293, 298 (5th Cir.2008). Although *Rodriguez–Parra* was decided after Ortuno–Santana was sentenced, "the error need only be plain at the time of appellate consideration." *Gonzalez–Terrazas,* 529 F.3d at 298. Ortuno–Santana has shown a reasonable probability that, but for the misapplication of the Guidelines, he would have received a lesser sentence and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Price,* 516 F.3d 285, 289–90 & n. 28 (5th Cir.2008); *United States v. Villegas,* 404 F.3d 355, 364–65 (5th Cir.2005). Accordingly, we vacate sentence and remand for resentencing.

SENTENCE VACATED; CASE REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.